The motions calendar the first motion on submission it's taken on submission Cruz versus St. Barnabas so now we'll hear Duke versus Batal Bidal. Good morning. Morning. May it please the court Hasha Mupen for the federal defendants my understanding is that this court normally does not hear rebuttal and it might assist the court and if I could reserve two minutes I would appreciate the opportunity. I'll consider it then. Thank you your honor. As Judge Cabran has correctly ruled a brief administrative stay is appropriate so that this court consider can consider the mandamus petition that the government filed yesterday. What would you suggest? Assuming that that's correct what would you suggest as a steps that should be taken while the stay is in order is in place and how you know what what is the time what are the time constraints here? Are we on a short fuse, a long fuse, why? Your honor so in terms of the steps I would think we are prepared to move as expeditiously as this court would like so in this court to litigate the mandamus petition we've already filed our mandamus petition presumably they'll file their response that on whatever schedule this court orders and in the district court we are prepared to file our motion to dismiss within the week your honor we think that what should happen in this case is that this case should be resolved in the first instance based on briefing on the pure questions of law that are presented on the face of the agency action that's justiciability for example. Both justiciability and the underlying question if the court were to find that it's reviewable which we don't think it is but if the court were to think it was reviewable the question of whether it's arbitrary and capricious or otherwise invalid all of that are issues that can be addressed on the face of the order and the administrative record in the district court that we've already provided that there already is a schedule in the district court but this would advance it substantially it that is correct your honor we had initially proposed having the motion to dismiss briefed at the outset and the district judge and the magistrate judge said that they wanted discovery first and in light of that there was a briefing schedule where the motion to dismiss wasn't due till mid-December what we propose and what we intend to do is to follow our motion to dismiss within the week we think that that within a week of today we're hoping potentially to get it done as early as Friday but it might push over into early next week but certainly within a week we intend to have our motion to dismiss on file we think that a case like this is considered on a motion to dismiss both on our threshold grounds of non reviewability as well as if the court thinks it is reviewable on whether the agency action is arbitrary and capricious or otherwise invalid based on the administrative record that we have already produced and presumably hopelessly simple but we hear the word reviewability we think of ourselves by reviewability you're talking about reviewable by the district court that's right whether the agency action is subject to judicial review under the APA or whether instead as we submit both the APA and the INA preclude judicial review of the agency action and issue in this case I think it's important to recognize your honor that it's not just our position that this case can be decided based on the agency action that's at issue with the administrative record presumably the other side would not dispute that they think that the agency action is invalid based on the administrative record we've supported I'd be happy to hear otherwise from them but I assume that they're going to say that they think that just based on what Acting Secretary Duke said and the administrative record we've produced that the action is either arbitrary and capricious or otherwise invalid there is simply no reason why those issues cannot be adjudicated promptly and at the outset before engaging in a massive fishing expedition into both documents and testimony about internal deliberative processes at the highest levels of both the Department of Homeland Security and the Department of Justice that completely upends normal rules for all those issues are simply irrelevant under the proper standards of AP cases elsewhere in the country taking up essentially the same issue there's one other the there are several challenges to the DACA wind down the one that's particularly relevant to your question your honor is there's a case in California where there are similar attempts to engage in discovery or between the two courts in terms of what I mean the government supposed to produce to to comply with two possibly distinct discovery orders I'm not sure your honor whether the judges themselves are coordinating or whether the plaintiffs groups in Maryland my I believe that there are one or two other cases those cases do not seem to be moving on the same sort of pace in terms of the discovery as what's going on in both the New York case and the California case those being subject our motions are dispositive motions being made to dismiss in those we will be filing shortly our current intention your honor is to file in the New York case within the week as I said in California our motion dismisses do I believe on November 1st and in the other two cases we're gonna where our intention is to file soon thereafter we don't have a due date I believe the other two cases is one of them the Maryland I believe one of them is the Maryland case I believe there might be one other I apologize your honor there might be some differences but the core allegations I think that's correct I think the core allegations of the plaintiffs are essentially the same and so as we said we think that those sort of threshold legal issues can can be and should be determined at the outset and especially given that what they instead want to do to seek these significantly intrusive discovery and administrative record requests about deliberative processes at the highest level of these departments it's just wholly improper I read the order it it's almost a you know a disguised application under the Freedom of Information Act there are a lot of different ways in which this is very wrong your honor that might be one of them if this is in the teeth of cases like Morgan and Armstrong and Reno versus AADC all of which make clear that you're not supposed to allow plaintiffs to challenge government agency action especially in the context of a prosecutorial discretion policy just by asserting that there was bad faith behind without any evidence without any allegations without let alone without the strong showing of finding that there was sufficient showing of bad faith not he did not and they have not even actually alleged that there was bad there hasn't been any justifies what he's doing on that basis which sounds like an implicit binding and I don't know what it is I mean is there it's he certainly did not make a finding of bad faith I don't think they've even argued bad faith their argument has been that they are not supplementing the record they are completing the record because they want to have all of the deliberative materials within the agency included within the record and that is just simply not correct as the DC Circuit on held in the San Luis Obispo case there's really no way of dealing with the possibility I don't know how realistic it is that that discovery could be the discovery that you're seeking to stay in this proceeding could be going on in one of the other proceedings while you're making your motion so we have a you're right that if we don't get a stay or don't get relief in the Ninth Circuit but we I don't think that's any reason for this court to stay its hand if it thinks that my name is relief is otherwise important appropriate I would just like to emphasize just how significant the burdens are as we've shown in our declarations that accompanied our administrative stay one out of every 14 ice lawyers is devoted to considering the discovery request in this case every DHS litigation lawyer DHS headquarters is considering discovery in this case programmatic interests are being subordinated to follow the discovery request in this case within just this week alone under the court's orders we would have had to produce or provide a privilege log for up to 30,000 documents at the highest levels of both DHS and DOJ documents that were either before the SEC at the SEC acting DH sector DHS secretary sorry I said at a minimum so at a minimum what we had to do by this Friday was 30,000 documents that were either before the DHS secretary or the Attorney General or the so-called first-tier subordinates but there was going to be a briefing yesterday on whether it would expand to the second-tier subordinates their discovery requests cover everything that's in the entire agency and that's why the numbers are if you take their discovery requests what you're looking this proceeding is to consider the stage that's right your honor and so what we're saying is that those burdens are significant and imminent some of those things would have happened within this week and we think it was eminently reasonable from your papers right and so we think judge Karanis was eminently correct to say that a administrative state should be issued while the mandamus petition is considered good morning Michael wish me for the battalion of Vidal plaintiffs I'll be speaking for five minutes okay and then the states will speak for the second five minutes your honor this case began with the government's decision to abruptly terminate the DACA program effective March 5th and that is the driver of what is happening in the district courts in Brooklyn in California in the District of Columbia and in Maryland today the court has come seeking an extraordinary order to oversee what are essentially ordinary discovery disputes well first your honor nothing has prevented the government from making that motion they have a deadline of December 15th to make the motion but nothing prevented them from having made that motion a month ago importantly the government relies primarily for the just disability arguments on a basket of 1252 G the statute the Reno case heckler against Cheney what they don't tell this court is the Fifth Circuit last year rejected all of those arguments when it held that the challenge to expanded DACA was entirely justiciable and in fact there's a contradiction at the heart of the government's case today in that it the Attorney General announced the termination of DACA due to litigation risk from the Texas case if he sincerely believe the Attorney General gave as a reason in his announcement and the Secretary of Homeland Security in her memo litigation risk as the basis for terminating DACA if the government sincerely believes that there's a litigation risk based on the Texas litigation that they cited then they can't believe that these claims are non-judiciable so either they sincerely think that there was litigation risk or they sincerely believe they're not but not both if that's really true you'll win in the district court but that doesn't seem to me a real reason not to have that question answered for the purposes of this litigation but for the March 5th deadline and the efforts of the district court of the magistrate judge to prepare an adequate record for the dispositive motions by both sides that will follow any in the appellate review there from that might be possible I want to be very clear I thought the litigation risk was the risk that a number of states would commence litigation to attack whatever was left of DACA after the court in the southern district of the northern district of Texas invalidated part of it I think the southern district of Texas but yes and it did so first by rejecting the very just disability arguments made here that Reno against a DC and heckler against Cheney and a USC 1252 G preclude review of the program so if the government does genuinely believe there's litigation risk and I take the attorney general at his word litigation risk does not necessarily mean the risk of litigation that's going to succeed it's the list the risk of litigation that everyone's going to be preoccupied with litigating questions rather than with programmatic work of an important agency of the United States government perhaps so your honor I want to clarify if I may because there are questions about the Ninth Circuit why the what's happening that I circuit matters here and to to your question about why it matters why to stay now matters in this case we have plaintiffs battalion Vidal have served nine interrogatories 14 requests for production and have noticed two depositions of mid-level officials of which we completed one-and-a-half we received 56 pages in response to the RPs it has been measured and deliberate discovery the California case is proceeding on different schedule with earlier deadlines on the dispositive motions which has forced those plaintiffs to notice far more discovery and serve far more discovery in fact the declarations in this case come from the northern California filings it has been measured and deliberate in this case actively managed by the magistrate judge and the district court judge today the and they have one tomorrow and one on Thursday until this day was entered we are not coordinating precisely but we're sharing those depositions so the same officials might not face a second deposition because of the state of the California plaintiffs are going forward on claims that are different the individual notice claim mentioned by judge Garifas is present in battalion Vidal and the New York State case notice claim is that is the Department of Homeland Security did not give notice to each individual person who might qualify for DACA that they should apply no your honor the individual notice claim is that the Department of Homeland Security affirmatively sent notices to tens of thousands of individuals exhibit G to the Second Amendment complaint is that notice that said apply to renew as soon as possible then they announced actually you must apply by October 5th or you will forever lose your rights to renew your status they did not issue corrected notices to the mailed an individual notice it's a corrective notice claim have they not sent the individual notice to people in the first instance saying apply when you can what required them to send notice in the first place your honor that may be subject to debate but having sent one notice exhibit G to the Second Amendment complaint and then failing to correct it people have reasonably relied on the notice they received from the Department of Homeland Security specific to apply when you can and your DACA is up in December or January. Why does that issue require the kind of discovery that you're seeking which is every seemingly every document that bears upon this in the Department of Homeland Security and or in and in the Department of Justice which of course is involved in every or in many questions from all over the US government? Respectfully those are not our discovery requests the government has represented repeatedly to Judge Garifas that the decision makers were the Attorney General and the Secretary of Homeland Security they've been invited to clarify that in light of the litigation position that it's only a Secretary of Homeland Security. You're not seeking all of the documents that were generated in the Department of Homeland Security that has any bearing upon? All of the documents? No your honor we're seeking in the administrative record both sides agree the standard is but you're redefining what the administrative record is a term of art and they they say they produced it I don't know whether they have or haven't because this is just a stay motion but you're redefining the the administrative record to include all the documents that anybody produced or looked at I think respectfully not at all. Please correct me this is why you're here. Yeah not at all your honor so you asked a question about the procedural due process claim we're talking about the administrative record as to the administrative record both sides. I was asking you why your demands with respect to the administrative record or as you call it would serve your your claim with respect to the notice? They're they're they're overlapping records some probably serve both claims some are specific to each on the notice claim the constitutional notice is inadequate why can't that be remedied without finding out who messed up or why? Because your honor the the constitutional standard and procedural due process of course is Matthews v. Eldridge and the third factor about the administrability of additional process goes precisely to the first we noticed two depositions the first one was an operations man we asked him questions about the feasibility of correcting the notices that were previously sent that's Matthews v. Eldridge third factor there's nothing unusual in this case. What's before us now is first whether to continue this stay right and second filed yesterday was the application for mandamus right so that's here yes for better or for worse with respect to either of those is that something that you I'm thinking particularly mandamus which we saw for the first time at 5 o'clock last night is that something you would want to respond to? Yes and thank you your honor respectfully we would request that this court proceed as the Ninth Circuit has done the Ninth Circuit did not issue an administrative stay it set an expedited schedule it ordered a response to the government's mandamus petition in two days a reply one day thereafter I think it'll be fully briefed today but it did not stay the discovery that was proceeding in that brief interim. Help me understand one thing from your adversary and I may have misunderstood him the range of document volume seems to be between 30,000 and a million which strikes me as a it's large in your what's your position and how many documents are we are we I know it's hard to tell before you see the request but we've heard that every single lawyer in homeland security in Washington is answering your document request I suspect help me understand what's going on yeah thank you for the opportunity your honor I believe that they may be conflating the aggressive discovery in California which has been much more expansive than anything we have served with our discovery what I can tell you for certain is this the record in this case is 256 pages in response to our 14 requests for production they produce an additional 56 pages that's fairly routine stuff I don't know what explains the difference between 312 pages and these larger numbers but I think we're proceeding incrementally modestly there's one other data point in the California cases the judge asked for a privilege log on the record and it identified 84 more homeland security records not Department of Justice night Homeland Security records judge also up in California conducted in-camera review of those 84 records and he concluded that 35 of them should have been included in the administrative record in whole or in part and we're not subject to privilege and ordered their production on Friday so there seemed to be an additional 35 records that the judging company has reviewed in camera that he believes are part of the administrative record from Homeland Security what are you seeking I mean I can understand why the administrative record is relatively routine in cases like this what are you seeking what else are you seeking we have sought limited discovery on the procedural due process claim and we have an equal protection claim here as well the procedural due process claim is the heart of it and as I said we noticed only two depositions in this case two depositions one of which was the director of service center operations and we talked to him about corrective and so forth and we didn't complete the second one because at the stay was entered Friday afternoon midway through the second one it's it's not easy I recognize this court does not routinely micromanage discovery the standard for mandamus of course is extremely high and appropriately so in particular given that the Ninth Circuit declined to enter a temporary stay instead proceeded with expeditious adjudication of the mandamus but let the in the the discovery roll forward we hope the court will do the same here lift the stay order prompt will respond as quickly as this court needs a reply like in the Ninth Circuit a day later and this court could adjudicate the mandamus we are confident that the government cannot meet that high standard for the drastic remedy is there a reason why that shouldn't be the first issue to see whether in the similarly your honor we're prepared to move rapidly on all fronts everywhere that's the March 5th deadline set by the government that's driving this well the normal way in this circuit is not necessarily to stay all discovery pending a dispositive motion right the district court judge you know takes that into account but we did not seek to postpone their motion we were prepared to move much more rapidly in fact I think there was an earlier schedule that had a more rapid thing but assume hypothetically that justiciability could be resolved in 10 days you'd be happy with that right yes your honor your problem is that if this drifts on into the winter you'll have March 5th correct and I think the district court of measures are working diligently to try to have the proper record on the constitutional and APA claims well according to the Secretary of Homeland Security the program is over on March 5th yes thank you your honor thank you your honors and you should have scooped up for the state plaintiffs in this matter what's before this court today is the question of whether all discovery should be staying pending the consideration of the petition for mandamus and here the state plaintiffs like the batalla Vidal plaintiffs have requested only modest and targeted discovery in our case it's related to our information protection claims we've asked only for two requests for questions one request for document production asking for all the documents that are referenced in those interrogatories and we have noticed no depositions so although the government has come here to this court today there are two cases and in the other case the systems director I guess of DHS has been noticed and the reason is not to find out whether they have what kind of machines they use it's to find out what kinds of requests to make for documents that's just basic litigation but a tactic and so when you talk about the two cases put together it's really very difficult to say that your demands are more modest than the others demands the point is not that our demands are more modest but if that this court looks at the whole scope of discovery requested by both plaintiffs in this case it it is extremely modest so if you were to 56 pages the point the point here is not to mire this court in the details of discovery because of course that's not this court's job this court's job is not to manage discovery that's the task of the district court and the magistrate does we we make these points only to help illustrate to the court that there are no insurmountable burdens here for a stay this court has to consider the question of harm the government hasn't made any showing of harm they've claimed these burdens many of which are related to litigation in other cases and not appropriately considered for a stay in this case they haven't raised any claims of the type that this court typically considers when choosing to get involved they're being asked to produce a privilege log in very short order and with the with a I believe I've been reading papers from different cases but I believe with the stipulation that if they fail to designate a particular document is be waived and that means that people have to be intensely careful every privilege is an important one and it means that that a time constraint can basically force people into a what amounts to a forced error in the waiver of privilege with respect to government documents from the Department of Homeland Security that's that's not a small consideration respectfully honor as a government attorney and government attorneys representing the states in this matter we understand that perfectly well we understand the importance of privileges we understand the importance of the doctrines here we proceed here carefully and bring these claims because of the extraordinary situation as to the requirement to produce a privilege log that's it's fundamental to administrative law that an agency has to produce an administrative record that reflects the documents that were considered if the agency withholds documents on the basis of privilege then it should identify what those documents are so that as in California a district court can review those and determine are they in fact privileged or should they be part of the administrative record for mandamus government would have to show that it was making some claim of privilege that the district court refused to entertain that they were being forced to provide some document that they have defense against they haven't made any such showing here that has to do with the definition of what is the administrative record I mean if the administrative record is what the secretary reviewed that's one population if it is what what what anybody reviewed then it's a much larger population of documents they have identified the two decision-makers here as the secretary and the Attorney General the contours of the administrative record flow from there I see my time is expiring so I just wanted to address a few points that were raised by Judge Sack for example you asked about just disability and it's right that when a defendant makes a strong showing of defenses threshold defenses to suit that a district court might ordinarily consider those what we have here is a situation where defense where defendants have not made any such showing to the district court they come here today for the first time saying that they are prepared to file early they could have filed their motion to dismiss weeks ago even a month ago and raise these claims our complaint was filed in the beginning of September and we filed an amended complaint our complaint was filed shortly after the decision to rescind DACA was announced and we filed an amended complaint shortly thereafter but the point here is that if defendants are when was the complaint file what's the date of the complaint I can get the actual 19 and then we filed an amended complaint your honor on October 4th if defendants main concern is threshold just disability then instead of asking the district court the operative complaint we're dealing with is October 4th right when was your original complaint filed we filed a request for leave to amend the 2016 August 20th we advised the court of the defendants of the claims we intended to amend so your so the Talia Vida was filed on on October on August 26th when was the original complaint filed so that wasn't obviously was not related secretaries did in September of 2017 even my logic your honor to return the court to these issues since the complaints were filed and discovery has been ongoing defendants have been actively engaging with the district court on the matter of narrowing the scope of discovery and requesting extensions they've received meaningful relief if they believed that they had threshold defenses to suit that were so strong that they would carry the rather than asking for extensions from the district court and agreeing essentially with the plaintiffs on the appropriate standard for defining the administrative record they could have sought to present those claims the district court noted that they presented only a sketch overview of claims and in fact to this court all day I I'm a sketchy overview the district court so they they only said several sentences and before this court all they've are a statute and a couple of cases the application of which was expressly rejected by the Fifth Circuit as applicable to this kind of categorical deferral decision so they haven't made any showing of a clear entitlement to the kind of relief that they're not at all your honor what I'm saying is that they have come to this court suggesting that the district court has acted improperly in sequencing the district court is improper for the district court to allow discovery to go forward while waiting for dispositive motions to be briefed what what I mean don't you want don't wouldn't that help you expeditious determination of the legal issues would certainly be helpful but the pressing deadline and because there are claims in this case that do require discovery for example the plaintiff states have a claim based on information protection so in order to make the DACA program successful the government gave particular assurances to DACA applicants that their information the sensitive information they provided for themselves and their families would be protected in some changes to their privacy policies concerning non-citizens and also to the website to facilitate removal in the event that the DACA program ends these changes have to do with informational privacy for individuals who already provided their information to the government so the changes include an executive order that provided that certain privacy protections were not going to be applied to non-citizens anymore and it also included some changes to the DHS website what I'm saying your honor is that here we have some information protection claims we believe that a change has been made in the way that people's information has been used so we are seeking discovery to find out what protections were there what protections have been removed it's been done by executive order or by an order or regulation why do you need discovery you can read it can't you well your honor we we don't actually know what special protections were in place before what special what protections may have been removed who can now access this information what it can be used for how could the beneficiaries have relied upon them because they were given special and extraordinary assurances by the United States for example that the information wouldn't be used for a particular purpose if we understand well we know what the purposes were that they told beneficiaries well but obviously there had to be special safeguards in place to make sure that access to databases was limited according to who could access them or how they could be used and so one of our claims and all of our discovery claims relate to that so all of your discovery claims relate to that issue to information protection your honor yes and it's an issue that defendants haven't addressed at all in the information in the administrative record they submitted and when the district court issued its order last Friday denying the stay of discovery it specifically said that part of the reason why it was denying the state discovery is that although the defendants have complained about having to produce a complete administrative record they haven't offered any reason why they should not be required to produce documents that are relevant to those claims what is the administrative record according to your definition well we all agree that the administrative record is the record of documents that were considered by the decision-maker that are relevant to the claims being raised in this case the decision-makers identified by the defendants are the two that's right the administrative records far as you're concerned or the documents that were considered by them in arriving at their decision that's right but the but the documents that defendants have provided about 256 pages of publicly available documents that don't into that I mean obviously that that's right your name and we can't possibly do that that's asking you how you define it okay yes your honor so thank you three minutes of rebuttal I appreciate that I thought you squeeze it all in I'll try your honor so four points you and your adversaries as far as I can tell it just simply not in parallel universes concerning the scope of this discovery problem so let me start with that your honor page 41 which is a match magistrate judge Ornstein's order the latest order on the scope of the administrative record he says it encompasses all documents and materials that were before the decision-makers agencies that's that's his latest order what the decision-makers who agencies period right it's not just to be sure that hasn't changed a judge Gariffas has had no input yeah so that was on the 19th so he hasn't and that's why I said before that it's at a minimum what they construe that to mean is anything that was before the actual decision-makers or their so-called first-tier subordinates the words you just read do not include first-tier second-tier anybody it just includes I certainly agree your honor which is why I said that it's at a minimum what the first-tier subordinates could also not the maximum because you just read those words as judge sack said technically judge Gariffas could limit that to the first-tier subordinates but I think it's important to say that even with limited to that first-tier subordinates issue first of all judge Gariffas has asked for briefing on whether it should also be extended to second-tier subordinates and more importantly the issue isn't just what was literally in front of the eyes of either the secretary or the first-tier subordinates the more fundamental point the bedrock issue of administrative law here is that deliberative materials that are before the actual decision-maker are not part of the administrative record even closer analogy your honor is if this was a challenge to an NLRB adjudication no one thinks you can get the NLRB members bench memos that was in front of the decision-maker they sure read it but that's not part of the administrative record that's the core deliberative process and as the DC Circuit on bonk held in San Luis Obispo it would completely destroy the agency decision-making does not include even everything that was before the two there were two decision-makers there was one and only one decision-maker here and that decision-maker was acting secretary Duke she of course got a point out and I've read it you you identified two people now I mean the Department of Justice is in the business among other things of providing advice to all the agencies that's right so the Attorney General certainly did provide a legal opinion and acting secretary certainly did consider it but that does not make the Attorney General a decision-maker it makes him someone who advised the decision-maker the actual decision-maker here was acting secretary Duke but whether you say it's one or two the more fundamental point is that advice that was given to those people deliberative advice is not part of the administrative record just imagine what this would look like if this became the rule for every agency action that was challenged under the APA this is such a secure matter why didn't you move to dismiss earlier why haven't you moved to dismiss so your honor why wasn't that the first thing you did it was the first thing we tried to do your honor we suggested at the very first as conference that we thought the way this case proceed is with initial briefing on motions to dismiss the judge disagreed said that he thought because of the March 5th hearing discovery had to be allowed to proceed and we've consistently in every filing we filed in this case in every status conference we have said that we think that this should be done with motions dismissed to begin with because of the crushing requests that have been imposed on us from the very beginning saying all documents that are in front of the agency the lawyers have been a little busy trying to provide those now that we've got in some breathing room from the state we are prepared to get our motions dismiss on file within the week as we said and they will be on file in California you I hear two things one I hear that judge Gariffas did not give you the ability to make a motion to dismiss and then at the same time I seem to be hearing that you had that you were distracted by the the press of other obligations and in this litigation he made abundantly clear that we would not be having threshold briefing on motions to dismiss that any we discovery would immediately commence and and then he there are briefing schedule was set and I'm still confused are you telling me that you that Gariffas judge Gariffas refused to permit you to make a motion to dismiss he didn't foreclose us from filing one earlier than the schedule he said but he wasn't going to require them to respond at the pace at which we were going to file and he was going to have all these discovery obligations at the same time let me make sure I understand what we're talking about when we're talking about a motion to dismiss it's one thing to make a motion to dismiss it may be I don't you know it could be one thing to make a motion to dismiss at the very outset having to do with justiciability as well I'm called what the very power of the court to hear this case it's another thing to have the motion to dismiss which you would certainly bring on the basis of saying okay you have the power to hear it but there is no such you know but you but but but we win and they lose that's the ordinary motion to dismiss so what we're talking about I think is we not may not be talking about the things that judge Gariffas was talking about what I think our focus is my focus is precisely does this district court have the power to hear this case or not you know and that's very different from whether they state a cause of action or at a minimum we agree with you that the the not the threshold justiciability right but let me just emphasize why we think it should go beyond that even if judge Gariffas were to disagree with our threshold non reviewability arguments there is no reason why the basic arguments that they are making that the agency action here is arbitrary increased or invalid can't be adjudicated on the briefs based on the administrative record we have already provided and indeed they admitted I believe that if there wasn't the five-month deadline if we had just said that DACA was ending on September 5th no one thinks that they would have asked for months of discovery they would have filed a PI motion and we would have adjudicated this in a matter of weeks I'm getting more confused now because now that there seems to be a third possibility one judge Gariffas wouldn't let you make a motion to you were too busy to make a motion but now there's there's adequate discovery that would support a motion so where are we on this where we are your honor is that our consistent position has been that there should be no discovery or supplementation of the administrative record for two reasons one is as a bedrock matter of both administrative law and constitutional law there's no basis for discovery there's no basis to expand the administrative record to deliver core deliberative process that is just not proper under either the APA or the Constitution I don't want to second-guess your litigation strategy but that seems to me to be first order of business that the government makes this motion you haven't made the motion and as I said we are prepared about that that's that's motion and and your argument to judge Gariffas is that a district judge has no authority to present to prevent a litigant from filing a pleading that is contemplated by the federal rules of civil procedure I agree your honor and we're not complaining about an inability to file a motion to dismiss we're complaining about the fact that while we were could file a motion to dismiss he is ordering massive amounts of discovery that is entirely improper under both the APA and the Constitution there's just no basis to have no motion to dismiss but there is a motion to say that there should be no discovery and no supplementation administrative record wholly apart from the motion to dismiss it is again your honor if this was a challenge to an NLRB adjudication no one thinks that they would be able to say we would like to have every document that's in front of the NLRB I brought this into bold relief by making the motion you haven't made the motion your honor I think you're complaining two separate issues one is the motion for to dismiss what the second point is the motion we hit clearly have made repeatedly which is whenever we file that motion to dismiss it should be determined based on the administrative record we have produced that it should not be supplemented there that's true but that doesn't stop the fact that he's continually ordering discovery that we have to comply with I mean you're walking down two streets here is and and and I'm you know this is just a stay motion but I don't mean to give you a hard time but the longer you talk the more confused I get I apologize for that you're on me to give you a hard time well that's that's understand fair your honor you concede that this case is ripe at least some of the claims in this case are ripe I don't think that their claim I guess I'm not sure I should even make that concession but at a minimum some of their claims are not right you're not conceding that any of this is right you know your honor I'm standing there I'm sorry your honor I haven't thought hard enough about that precise issue your honor thank you thank you all thank you all we will reserve a decision yeah we'll turn to the day calendar the first case we'll hear is Jacobello versus the city of New York everybody here